# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| EDGAR PEREZ CAMPOS individually and on behalf of all others similarly situated,<br><br>v.<br><br>W & W ENERGY SERVICES, INC. | **Case No.: 7:20-cv-00102**<br>Collective Action (29 U.S.C. § 216(b))<br>Rule 23 Class Action |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. This lawsuit seeks to recover overtime compensation and other damages for Perez Campos and his similarly situated co-workers – non-exempt hourly employees paid a *per diem* and other similarly situated individuals (collectively "Non-Exempt Laborers") – who work or have worked for W & W Energy Services, Inc. ("W & W" or "W&W"), throughout the United States.

2. W & W's problem is that it pays an hourly "per diem" that it unlawfully fails to include in overtime pay, as can be readily seen on its paystubs:

| Pay Date 12/13/2019 | | Period For 11/25/2019 | |
|---|---|---|---|
| **Earnings** | **Rate** | **Hours** | **Amount** |
| Hourly Pay | 23.00 | 80.0000 | 1,840.00 |
| OT-Hourly | 34.50 | 68.0000 | 2,346.00 |
| PerDiem | 80.00 | 12.0000 | 960.00 |
| YrdHourly | | | |

3. Perez Campos brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

4. Perez Campos also brings his unpaid overtime wages claim under the New Mexico Minimum Wage Act, NMSA 50-4-19, *et seq.*, ("NMMWA") as a Rule 23 class action.

5. According to its website, the W&W provides production and infrastructure services to oil producers in the Permian Basin region of the southwest United States.[1] In 2019, W&W joined Petrofac Corporation, an international service provider to the oil, gas, and renewables industry.[2] Petrofac manages operations for clients in 29 countries.

6. Operating since 1986, W&W provides services in facility projects and construction, engineering and design, pipeline construction, field management, tank and equipment hauling, pre-case concrete, equipment rentals, and specialty truck hauling, among others.

7. W&W owns and maintains a central website for its business operations located at www.wandwenergy.com. From this central website, users are able to apply for employment at W&W.

8. Per the W&W website, the company maintains 4 offices in Odessa, TX, Midland, TX, Monahans, TX, and Carlsbad, NM.

9. W&W has compensated Non-Exempt Laborers on an hourly with a *per diem* as demonstrated on Perez Campos's paystubs.

10. Despite being non-exempt employees, W&W has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rates of pay, which should include all compensation.

11. Here, W&W tied Non-Exempt Laborers' *per diem* to the hours they worked. In that regard, Non-Exempt Laborers were paid the *per diem* only for days where they worked at least 4 hours in a day on a qualifying job site.

---

[1] *See* W&W Website "About Us" (*available at* http://www.wandwenergy.com/About-Us/) (last accessed April 14, 2020).

[2] *See* W&W Website "About Us" (*available at* http://www.wandwenergy.com/About-Us/) (last accessed April 14, 2020)

12. Perez Campos seeks to represent a class of similarly situated non-exempt workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former non-exempt hourly employees and other similarly situated individuals working for W & W Energy Services who were paid a *per diem* during the last three years (the "FLSA Class").**

13. Additionally, Perez Campos seeks to represent a seeks to represent a Rule 23 class of similarly situated day rate workers under the NMMWA that is defined as:

> **All current and former non-exempt hourly employees and other similarly situated individuals working for W&W Energy Services in New Mexico who were paid a *per diem* during the last three years (the "New Mexico Class").**

14. The members of the FLSA Class and the New Mexico Class are collectively referred to as "the Class Members."

### THE PARTIES

**Edgar Perez Campos**

15. Perez Campos is an adult individual who is a current resident of Texas.

16. Camos Perez was employed as a tool pusher by W&W from approximately August 2019 until approximately February 2020. He continues to work for the company as a laborer until the present.

17. Perez Campos worked for W & W at job sites located around Odessa, TX and around Jal, NM.

18. Perez Campos is a covered employee within the meaning of the FLSA.

19. A written consent form for Perez Campos is filed with this Collective Action Complaint as Exhibit 2.

**W & W**

20. W & W employed Perez Campos and similarly situated employees at all times relevant.

21. W & W has had substantial control over Perez Campos's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

22. W & W operates a single integrated enterprise that has employed Perez Campos and similarly situated employees at all times relevant.

23. During all relevant times, W & W has been Perez Campos's employer within the meaning of the FLSA.

24. W & W is a foreign for-profit corporation organized and existing under the laws of Texas.

25. W & W's principal executive office and corporate headquarters are located at 8180 Lakeview Center Suite 200, Odessa, TX 79765.

26. W & W is a covered employer within the meaning of the FLSA and NMMWA. At all times relevant, W & W employed Perez Campos and similarly situated employees.

27. At all times relevant, W & W has maintained control, oversight, and direction over Perez Campos and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

28. Perez Campos and the New Mexico Class members were employed by W & W in New Mexico for all of or a portion of their employment.

29. W & W applies the same employment policies, practices, and procedures to all Non-Exempt Laborers in its operation, including policies, practices, and procedures with respect to the payment of *per diems* and overtime compensation.

30. Upon information and belief, at all relevant times W & W has had an annual gross volume of sales in excess of $500,000.00.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

32. This Court also has jurisdiction over Perez Campos's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

33. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

34. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because W & W resides in the district and conducts business in this District.

35. Perez Campos worked for W&W in this District.

36. W&W maintains multiple offices in this District.

## COLLECTIVE ACTION ALLEGATIONS

37. Perez Campos brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for W&W throughout the United States who elect to opt-in to this action (the "FLSA Collective").

38. W & W is liable under the FLSA for, *inter alia*, failing to properly compensate Perez Campos and the FLSA Collective.

39. Consistent with W & W's policies and patterns or practices, Perez Campos and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

40. All of the work that Perez Campos and the FLSA Collective have performed has been assigned by W & W, and/or W & W has been aware of all of the work that Perez Campos and the FLSA Collective have performed.

41. As part of its regular business practice, W & W has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Perez Campos and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Perez Campos and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

### CLASS ACTION ALLEGATIONS

42. Perez Campos brings the second cause of action on behalf of himself and the New Mexico Class Members for violations of the NMMWA's overtime provisions (NMMWA § 50-4-22).

43. W & W is subject to the requirements of the NMMWA.

44. W & W employed Perez Campos and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

45. The NMMWA requires employers to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

46. Perez Campos and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

### PLAINTIFF'S FACTUAL ALLEGATIONS

47. Consistent with its policies and patterns or practices as described herein, W & W harmed Plaintiff, individually, as follows:

**Edgar Perez Campos**

48. Perez Campos has been employed by W&W since approximately August 2019. He has worked as a tool pusher and laborer at job sites located in Texas and New Mexico.

49. During his employment, Perez Campos generally worked over 40 hours per week.

50. During his time working on W & W's job site in the vicinity of Jal, NM, W & W compensated Perez Campos on an hourly and *per diem* basis. In this regard, W & W paid Perez Campos $23.00 per hour for all hours up to and including 40 per workweek.

51. In addition to this hourly wage, W & W compensated Perez Campos with an $80 "*per diem*" that was tied to the number of hours that he worked at the job site on a given day.

52. Despite regularly working over 40 hours per workweek, W & W failed to compensate Perez Campos with the proper overtime compensation of 1.5 times his regular rate of pay, which should have included all *per diem* payments, for all hours he was suffered or permitted to work in excess of 40 hours per workweek.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

53. Perez Campos realleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to W & W and protect Perez Campos and the members of the FLSA Collective.

55. During this time, Perez Campos and the FLSA Collective regularly worked in excess of 40 hours per week.

56. W & W failed to pay Perez Campos and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

57. As a result of W & W's willful violations of the FLSA, Perez Campos and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New Mexico Minimum Wage Act – Overtime Wages
**(Brought on behalf of Plaintiff and the New Mexico Class)**

58. Perez Campos realleges and incorporated by reference all allegations in all preceding paragraphs.

59. The overtime wage provisions set forth in the NMMWA, NMSA 50-4-19, *et seq.*, and the supporting regulations, apply to W & W and protect Perez Campos and the members of the New Mexico Class.

60. During this time, Perez Campos and the New Mexico Class regularly worked in excess of 40 hours per week.

61. W & W failed to pay Perez Campos and the FLSA Collective the premium overtime wages to which they were entitled under the NMMWA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

62. Perez Campos and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from W & W.

63. Perez Campos and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by W & W, as provided by the NMMWA.

## PRAYER FOR RELIEF

64. **WHEREFORE**, Perez Campos, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

  a. That, at the earliest possible time, Perez Campos be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who received *per diem* payments who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for W&W. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

  b. An order certifying the New Mexico Class as a class action under Rule 23;

  c. Judgment pursuant to Section 16(b) of the FLSA finding W & W liable for unpaid back wages due to Perez Campos and the FLSA Class members and for liquidated damages equal in amount to their unpaid compensation;

  d. Judgment awarding Perez Campos and the New Mexico Class overtime for all worked performed in excess of 40 hours in a workweek, liquidated damages, treble damages, all available penalty wages available under the NMMWA;

  e. Prejudgment and post-judgment interest;

  f. Reasonable attorneys' fees and costs of the action; and

  g. Such other relief as this Court shall deem just and proper.

Dated: April 24, 2020

Respectfully submitted,

By: **/s/ David I. Moulton**
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:	(713) 877-8788
Telecopier:	(713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**Attorneys for Plaintiff and the Classes**